UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IMAN DENISE JONES,

    Plaintiff,

v.                                                        CASE NO. 3:25-cv-419-SJH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**<u>MEMORANDUM ORDER</u>**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications under the Social Security Act ("Act") for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). The Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from July 15, 2020, through the date of decision. Tr. at 17-37. For the reasons herein, the Commissioner's decision is due to be **affirmed**.

**I.    Standard of Review**

Plaintiff appeals the denial of her applications for DIB under Title II of the Act, 42 U.S.C. § 401 *et seq.*, and for SSI under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*[2] The terms of judicial review for each are set by 42 U.S.C. § 405(g). *See* 42 U.S.C.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

[2] The regulations under Title II are located at 20 CFR pt. 404. The regulations under Title XVI are located at 20 CFR pt. 416.

§ 1383(c)(3) (incorporating § 405(g)). Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[3]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "more than a mere scintilla" of evidence, the threshold for this standard "is not high[,]" *id.* (citation omitted), and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. A reviewing court may not "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (citation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th

---

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

2

1302, 1315-16 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

On review, "it is proper to read the ALJ's decision as a whole, and ... it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]" *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275 (11th Cir. 2024) (citations omitted); *see also Martin v. Comm'r of Soc. Sec.*, No. 8:22-cv-1435-JSS, 2023 WL 3644419, at *7 (M.D. Fla. May 25, 2023); *Jesus v. Comm'r of Soc. Sec.*, No. 6:20-cv-1930-EJK, 2022 WL 2293887, at *4 (M.D. Fla. Feb. 9, 2022).

## II. The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 382c(a)(3)(A).[4] In making a disability determination, the Social Security

---

[4] Because the definitions of disability under Title II and Title XVI are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

3

Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[5] The ALJ applied this five-step sequential process. Tr. at 17-37.[6] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 15, 2020, the (original)[7] alleged disability onset date. *Id.* at 19. The ALJ found at step two that Plaintiff "has the following severe impairments: obesity, obstructive sleep apnea (OSA), degenerative disc disease (with osteophytes), bilateral ulnar neuropathy, gastroesophageal reflux disorder (GERD), borderline intellectual functioning with neurocognitive disorder, schizoaffective disorder, bipolar disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c))." *Id.* (emphasis removed). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment.

---

[5] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4); *Flowers*, 97 F.4th at 1308; *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3-4 (M.D. Fla. July 26, 2024).

[6] The ALJ found Plaintiff meets the insured status requirements through March 31, 2025. *Id.* at 20. Title II of the Act "'provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need.'" *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citation omitted). Title XVI of the Act "provides supplemental security income benefits 'to financially needy individuals who are aged, blind, or disabled regardless of their insured status.'" *Id.* (citation omitted).

[7] Plaintiff argues the ALJ erred by using the wrong disability-onset date as she amended the alleged onset date to January 1, 2021. Doc. 11 at 2, 12. This argument is discussed below.

4

*Id.* at 20. The ALJ found that Plaintiff has the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant has the ability to lift/carry and push/pull 20 pounds occasionally (up to one-third of the day), and 10 pounds frequently (up to two-thirds of the day); sit for four hours at a time and a total of eight hours during an eight hour day, and stand and/or walk for two hours at a time and a total of six hours during an eight hour day. She can climb neither ropes, ladders, nor scaffolds but can occasionally climb stairs and ramps, balance, stoop, kneel, crouch and crawl. She can occasionally reach overhead and frequently reach in front and laterally with the right, dominant, upper extremity but has no other limitations regarding manipulation, vision or communication. She has environmental limitations precluding exposure to unprotected heights and open-face machinery but has no limitations concerning automobiles. Mentally, the claimant cannot perform complex tasks but is able to perform simple, routine tasks on a sustained basis. She does not require the use of an ambulatory aid for walking or standing.

*Id.* at 24 (emphasis removed). The ALJ found at step four that Plaintiff is unable to perform any past relevant work but found at step five that jobs exist in significant numbers in the national economy that she can perform such that she is not under a disability. *Id.* at 35-36.

### III. Analysis

Plaintiff raises seven issues on appeal. Each is addressed in turn.

#### a. Issue No. 1

Plaintiff first argues that the ALJ erred by applying the wrong disability-onset date and placing "under review a period during which Plaintiff concedes she was not disabled" given that Plaintiff amended her alleged disability onset date from July 15, 2020, to January 1, 2021. Doc. 11 at 12. But the ALJ found that Plaintiff was not under

5

a disability from July 15, 2020, through the date of decision, which is *inclusive* of the lesser period of disability claimed via the amended alleged onset date. *See, e.g.*, *Amick v. Soc. Sec. Admin., Comm'r*, No. 2:18-cv-666-SGC, 2019 WL 4673949, at *5 (N.D. Ala. Sept. 25, 2019) ("Amick also claims the ALJ's decision to discredit his testimony was in error because the ALJ evaluated the record using the wrong disability onset date. Amick is correct that while he amended his disability onset date from October 1, 2012, to February 6, 2015, during the hearing before the ALJ, the ALJ identified October 1, 2012, as the disability onset date in her decision. However, this typographical error or misstatement does not warrant reversal of the Commissioner's decision, given the ALJ considered evidence from a period inclusive, not exclusive, of the period between the amended disability onset date and date of her decision.") (internal citations omitted). Because, for the reasons herein, substantial evidence supports the ALJ's decision that Plaintiff was not disabled during the longer original period, it likewise supports the lesser-included amended period. *Compare id.*, *with Rice v. Comm'r of Soc. Sec.*, No. 6:18-cv-1673-ORL-LRH, 2020 WL 1189120, at *3 (M.D. Fla. Mar. 12, 2020) (agreeing with *Amick* that an "ALJ's reliance on the wrong disability onset date does not, in and of itself, require reversal" but finding error on the facts presented because "[t]he issue with the ALJ's reliance on the wrong onset date" arose "from his focus on evidence dated prior to [the amended onset date, when the plaintiff was involved in a motor vehicle accident], to the almost complete exclusion of the medical evidence dated after [that date]"). So, any alleged error was harmless. *See Flowers*, 97 F.4th at 1307 ("Flowers has also failed to show that his argument would make any difference to his

6

application for disability benefits. … Thus, we conclude any such error was harmless."); *Raper*, 89 F.4th at 1274 n.11 ("Remand is unwarranted unless an error creates fundamental unfairness or prejudice[,]" and "'[t]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'") (citations omitted); *see also Lantz v. Comm'r of Soc. Sec.*, No. 5:20-cv-2817, 2022 WL 94113, at *13 (N.D. Ohio Jan. 10, 2022); *Amick*, 2019 WL 4673949, at *5; *Trickey v. Colvin*, No. 1:13-cv-124, 2014 WL 3529690, at *8 (M.D. Tenn. July 15, 2014) (collecting authority that ALJ's reference to the wrong original alleged date of onset that had been amended was harmless because "[t]his type of oversight normally does not warrant a remand unless the claimant can prove that the ALJ's error caused her prejudice"), *report and recommendation adopted,* 2014 WL 3924343 (M.D. Tenn. Aug. 11, 2014).

 Plaintiff's only argument of harm is that the ALJ cited one "physical examination and physical therapy that occurred prior to the amended" alleged onset date "to support his determination that Plaintiff did not require use of a hand-held assistive device." Doc. 11 at 12. But the referenced citation was merely a representative example cited by the ALJ to support the noted proposition. *See* Tr. at 34 (citing "B1F/189, for example" as one of "multiple UF Health examinations [that] have shown normal physical examinations"); *see also* Tr. at 432, 450, 462, 476-77, 494, 499-500. And the ALJ also thoroughly considered evidence postdating the amended alleged outset date. *See id.* at 26-34. In any event, it was not improper under the circumstances for the ALJ to consider evidence preceding the alleged onset date. *See*

7

*Harris v. Astrue*, No. 8:10-cv-2877-T-27AEP, 2012 WL 868801, at *4 (M.D. Fla. Feb. 24, 2012), *report and recommendation adopted*, 2012 WL 868788 (M.D. Fla. Mar. 14, 2012); *Tipton v. Astrue*, No. 8:09-cv-1990-T-TGW, 2011 WL 164326, at *5, *8 (M.D. Fla. Jan. 19, 2011).[8] Plaintiff's first assignment of error fails.

### b. Issue No. 2

Plaintiff next argues that the ALJ erred in determining that Plaintiff's left knee osteoarthritis was a nonsevere impairment and in failing to give consideration to her right knee pain and osteoarthritis. Doc. 11 at 12-15. But the ALJ found multiple severe impairments at step two and thus proceeded with the sequential analysis. Tr. at 19. Thus, any alleged error in failing to find additional severe impairments is harmless. *E.g.*, *Medina v. Soc. Sec. Admin.*, 636 F. App'x 490, 492 (11th Cir. 2016) ("[E]ven if Medina's other conditions should have been categorized as severe impairments, any error was harmless because the ALJ determined that [she had] severe impairments, allowing him to move onto step three of the test."); *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) ("[S]ince the ALJ proceeded beyond step two, any error in failing to find that Packer suffers from the additional severe impairments … would be rendered harmless."); *Eberhart v. Saul*, No. 8:19-cv-1653-T-TGW, 2020 WL 4283237, at *5 (M.D. Fla. July 27, 2020) ("The failure to identify an abnormality as a medically determinable impairment is harmless when the law judge proceeds

---

[8] Indeed, Plaintiff suggested at the hearing that the amended alleged onset date was related to her having earned income in 2020. Tr. at 48. And Plaintiff does not argue (much less present evidence) that her condition worsened or was exacerbated during the few months between the original and amended alleged onset date. Doc. 11 at 12.

beyond step two of the sequential analysis and determines the claimant's residual functional capacity because '[t]he ALJ considers all of the evidence in the record in determining the claimant's RFC.'" (citation omitted)); *see also Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 842 (11th Cir. 2014); *Forester v. Comm'r of Soc. Sec.*, No. 5:21-cv-5-PRL, 2022 WL 11361988, at *4 (M.D. Fla. July 8, 2022); *Owens v. Colvin*, No. 3:15-cv-409-J-JBT, 2015 WL 12856780, at *4 (M.D. Fla. Oct. 15, 2015).

Moreover, the ALJ appropriately and expressly considered the entire record, including without limitation any nonsevere impairments, in determining the RFC. Tr. at 20, 24. Indeed, the ALJ expressly considered and discussed Plaintiff's left-knee impairment and her bilateral knee pain. *Id.* at 25-34. Plaintiff's second assignment of error fails.

### c. Issue No. 3

Plaintiff next argues that substantial evidence does not support the ALJ's determination "that the 'objective medical evidence does not substantial the need for either a walker, cane or wheelchair[.]'" Doc. 11 at 15 (quoting Tr. at 18). Thus, Plaintiff argues that the ALJ's failure to include the need for a handheld assistive device in the RFC was error. *Id.* at 16.

As the ALJ explained, however, (i) there was objective evidence inconsistent with the lifetime-need for a walker and consistent with the RFC; (ii) Plaintiff's "consultative examination x-ray was negative for any significant abnormality, and the joint spaces were maintained"; (iii) Plaintiff "has consistently been assessed with normal neurological examination findings"; and (iv) Plaintiff lives in a two-story

9

townhouse in which she regularly climbs stairs. Tr. at 33-34 (citing *inter alia* Tr. at 119, 125, 130, 144, 1125, 1136, 1572).[9] Ultimately, though the evidence may have been in conflict, Plaintiff "asks the court to do what it cannot: reweigh the evidence"; "[s]imply citing other record evidence that supports [her] position will not suffice." *Kolas v. Comm'r of Soc. Sec.*, No. 6:22-cv-2413-NPM, 2024 WL 1252386, at *5 (M.D. Fla. Mar. 25, 2024). Plaintiff's third assignment of error fails.

### d. Issue No. 4

Plaintiff next argues that the ALJ erred with respect to the RFC in several respects. Doc. 11 at 16-18. First, Plaintiff argues that the ALJ's determination "that Plaintiff can sit for four hours at a time and for a total of eight hours over the course of" a workday is "incongruous" because "[i]t is unclear how an individual who can sit for only four hours at a time—presumably because she would need a break from sitting at that point—is still able to sit for an aggregate of eight hours which would be the entire workday." Doc. 11 at 17. Plaintiff cites no authority for this position. *See id.* And the sitting parameters of the RFC found by the ALJ are not necessarily incongruous (given, for example, customary breaks during the workday) and indeed have been utilized and upheld before. *E.g.*, *Ellison v. Berryhill*, No. 17-cv-14205, 2018 WL 3413022, at *7, *9 (S.D. Fla. May 1, 2018); *see also Gothard v. Kijakazi*, No. 3:20-cv-215-JRK, 2021 WL 4305090, at *2 (M.D. Fla. Sept. 22, 2021); *Curry v. Comm'r of Soc.*

---

[9] Plaintiff did not use a cane or walker at the hearing, where she testified that she does not usually currently use her cane and walker, which hurt her wrist, but "sometimes" does so when going up or down her stairs. Tr. 63-64. The ALJ acknowledged this testimony, *id.* at 25, which is not inconsistent with the ALJ's determination set forth above.

10

*Sec.*, No. 3:19-cv-371-J-MAP, 2020 WL 1227587, at *2 (M.D. Fla. Mar. 13, 2020). Moreover, given that Plaintiff had an RFC to perform light work, it is unclear—and Plaintiff does not articulate—how the frequency of Plaintiff's need to alternate between sitting and standing was material. *See, e.g.*, *Kestler v. Astrue*, No. 2:10-cv-220-DNF, 2011 WL 4005898, at *11 (M.D. Fla. Sept. 9, 2011). And Plaintiff has not cited any evidence that she could not perform the jobs identified by the vocational expert ("VE") and cited by the ALJ based on her inability to sit for any period of time. *Cf. Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005).

Plaintiff also argues that the ALJ erred in finding "that Plaintiff can stand and/or walk for two hours at a time and for a total of six hours in an eight-hour workday and that she does not require the use of an ambulatory aid for walking or standing." Doc. 11 at 17. This argument fails for the same reasons previously discussed as to issue number 3.[10] *See supra* Section III.c.

Plaintiff next argues that the ALJ erred by finding "no limitations concerning automobiles" where her doctor encouraged her to limit driving to local and daytime driving. Doc. 11 at 17. But the ALJ acknowledged this, Tr. at 30, while also correctly noting that Plaintiff testified that she nevertheless has a valid driver's license and in fact drives anyway (though her husband does most of the driving), *id.* at 26; *see also id.*

---

[10] To the extent not overlapping with her prior assignment of error, this argument fails for the additional reason that it is undeveloped and rests entirely on an unexplained string cite of various records for the general proposition that the ALJ's findings "significantly overstate Plaintiff's abilities and are not supported by substantial evidence." Doc. 11 at 17. An undeveloped argument is insufficient to raise an issue. *See Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024); *see also Glover v. Comm'r, Soc. Sec. Admin.*, No. 22-10497, 2022 WL 17826364, at *4 (11th Cir. Dec. 21, 2022); *Phillips v. Soc. Sec. Admin., Comm'r*, 833 F. App'x 308, 322 (11th Cir. 2020).

at 51, 66. And again, Plaintiff makes no effort to explain how any of the jobs identified by the VE or cited by the ALJ are impacted by a driving limitation (let alone one that allows for local and daytime driving). *See* Doc. 11 at 17. So even if there had been error (there was not), it would be harmless. *See Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012); *Williams v. Barnhart*, 140 F. App'x at 937; *Farmer v. Colvin*, No. 3:14-cv-1071-J-MCR, 2015 WL 6769509, at *2 (M.D. Fla. Nov. 6, 2015).

Finally, Plaintiff argues that the ALJ erred by concluding that Plaintiff "had no limitations regarding manipulation other than limitations in using her right upper extremity for reaching" "despite finding that Plaintiff's bilateral ulnar neuropathy" was a severe impairment. Doc. 11 at 18. But this conclusory argument is wholly undeveloped and fails to include any legal authority or supporting record citations. *See Dale v. Comm'r of Soc. Sec.*, No. 6:20-cv-1507-GKS-MRM, 2021 WL 6280380, at *17 (M.D. Fla. Nov. 23, 2021) ("Plaintiff fails to identify the specific evidence that obligates the ALJ to incorporate Plaintiff's proposed limitations. Without highlighting a specific piece of evidence that the ALJ improperly assessed or failed to consider, Plaintiff fails to present a sufficient basis to overturn the ALJ's RFC determination."), *report and recommendation adopted*, 2022 WL 46085 (M.D. Fla. Jan. 5, 2022); *see also supra* note 10. Plaintiff's fourth assignment of error fails.

e.  Issue No. 5

Plaintiff next argues that the ALJ failed to properly evaluate the persuasiveness of all medical opinions, specifically that the ALJ (i) "found unpersuasive the Harmonycares nurse practitioner's opinion that Plaintiff need a walker for life" but

12

"simply ignores" that "[t]he nurse practitioner also opined that Plaintiff had a medical opinion that impairs ambulation"; and (ii) "failed to articulate the persuasiveness of Dr. Ritter's opinion that Plaintiff should limit her 'driving to only local places and only during the day' and that she has impaired thinking skills[.]" Doc. 11 at 18-19.

With respect to the Harmonycares nurse practitioner, Plaintiff does not contest the ALJ's finding that the opinion as to a need for a walker for life was unpersuasive, only the alleged "failure to articulate the entire opinion" and independently address the statement that Plaintiff had a "medical condition that impairs ambulation[.]" *Id.* at 18. But this statement was not a separate opinion. Rather, under the heading "Walker" the cited record suggests that Plaintiff needed a walker for lifetime *because* she had "a medical condition that impairs ambulation[.]" Tr. at 4961. And even if split and considered separately, any vague, standalone statement that Plaintiff's ambulation was "impaired" (but not how or to what extent) does not provide any meaningful basis to reach a result different that the ALJ did. Moreover, "the ALJ is not required to specifically address every aspect of an opinion or every piece of evidence in the record." *Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 917 (11th Cir. 2019); *see Boyle v. Comm'r of Soc. Sec.*, No. 8:23-cv-2210-JSM-PRL, 2024 WL 3640452, at *5 (M.D. Fla. July 11, 2024) ("Also, contrary to Plaintiff's argument, the ALJ was not required to specifically address every aspect of the State Disability medical advisor's opinion, or to specifically address the note in the medical records that Plaintiff's left thumb does not bend."), *report and recommendation adopted*, 2024 WL 3637991 (M.D. Fla. Aug. 1, 2024); *see also Ramsdell v. Dudek*, No. 23-cv-495-SE, 2025 WL 669772, at *5 (D.N.H.

13

Mar. 3, 2025); *Petersen v. Comm'r of Soc. Sec.*, No. 6:22-cv-1491-PRL, 2023 WL 5994210, at *5 (M.D. Fla. Sept. 15, 2023); 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

With respect to Dr. Ritter, she did not offer an "opinion that Plaintiff should limit her 'driving to only local places and only during the day'" but rather suggested to Plaintiff (to which Plaintiff did not adhere) that Plaintiff do so. *Compare* Doc. 11 at 18, *with* Tr. at 4909. Nor does any unadorned reference to "impaired thinking skills," *see* Tr, at 4904, satisfy the criteria of a medical opinion, *see* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).[11] The ALJ was not required to evaluate the cited statements of Dr. Ritter as a medical opinion. *See Rivera v. Comm'r of Soc. Sec.*, No. 6:20-cv-779-LRH, 2021 WL 3602839, at *4 (M.D. Fla. Aug. 13, 2021). Finally, even if the ALJ had erred with respect to Dr. Ritter, for the reasons previously discussed, any such error was harmless. Plaintiff's lone argument—that the alleged error in not properly evaluating statements as to her ability to drive and think were "not harmless errors as Plaintiff's limitations with standing and walking are likely determinative of Plaintiff's disability[,]" Doc. 11 at 18-19, is unpersuasive. Plaintiff's fifth assignment of error fails.

### f. Issue No. 6

Plaintiff next argues that the ALJ "failed to properly evaluate Plaintiff's mental impairment" because "the ALJ relied heavily on Plaintiff's capabilities purportedly

---

[11] Moreover, the ALJ found that Plaintiff had severe impairments including "borderline intellectual functioning with neurocognitive disorder, schizoaffective disorder, bipolar disorder, and anxiety disorder," as to which the ALJ thoroughly discussed and accounted for. Tr. at 19-34.

demonstrated at the hearing" but "mischaracterizes Plaintiff's disposition at the hearing[.]" Doc. 11 at 19-20. But the ALJ's thorough discussion cites substantial support independent of Plaintiff's deposition at the hearing. Tr. at 20-24. Plaintiff thus does not argue—nor could she—that the ALJ overstepped by improperly imposing the ALJ's observations *in lieu* of medical evidence. *See Watkins v. Comm'r, Soc. Sec. Admin.*, No. 23-12765, 2025 WL 18514, at *15 (11th Cir. Jan. 2, 2025) ("[A]n ALJ must not impose his observations in lieu of a consideration of the medical evidence presented[,]" but "the ALJ is permitted to observe and consider the claimant's demeanor and appearance as part of the credibility determination."); *see also Battles v. Soc. Sec. Admin., Comm'r*, 749 F. App'x 920, 923-24 (11th Cir. 2018); *Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985); *Rosado v. Comm'r of Soc. Sec.*, No. 6:17-CV-1726-Orl-DCI, 2019 WL 354877, at *5 (M.D. Fla. Jan. 29, 2019). It is not the Court's role to disturb the ALJ's credibility findings or reweigh the evidence. *See Kalishek v. Comm'r of Soc. Sec.*, 470 F. App'x 868, 871 (11th Cir. 2012); *see also Flowers*, 97 F.4th at 1306; *Bryant v. Colvin*, No. 1:15-cv-5, 2016 WL 11430736, at *7 (S.D. Ga. Feb. 9, 2016), *report and recommendation adopted*, 2016 WL 1070840 (S.D. Ga. Mar. 16, 2016). Plaintiff's sixth assignment of error fails.

    **g. Issue No. 7**

Plaintiff finally argues that the ALJ's assessment of her credibility with respect to her knee pain "applied an improper standard and is not supported by substantial evidence." Doc. 11 at 20-21. But contrary to Plaintiff's suggestion, the ALJ properly

15

explained the reasons why Plaintiff's reported symptoms were not entirely consistent with other medical and nonmedical evidence, including Plaintiff's activities of daily living, and this explanation was supported by substantial evidence. Tr. at 25-34; *see also Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *7 (11th Cir. Jan. 10, 2022); *Dyer v. Barnhart*, 395 F.3d 1206, 1211-12 (11th Cir. 2005); *Gadd v. Comm'r of Soc. Sec.*, No. 6:22-cv-932-KCD, 2023 WL 3560537, at *4-5 (M.D. Fla. May 19, 2023); *Funk v. Kijakazi*, No. 3:20-cv-460-PDB, 2021 WL 4520502, at *4; *Wieand v. Berryhill*, No. 8:17-cv-2484-T-CPT, 2019 WL 1376707, at *3-4 (M.D. Fla. Mar. 27, 2019). Plaintiff mostly argues that the ALJ improperly evaluated her activities of daily living. Doc. 11 at 21.[12] To the extent not repetitive of others previously addressed, Plaintiff's arguments are unpersuasive as they recite a more favorable view of how the ALJ could have weighed the evidence differently to reach a different conclusion, which the Court declines to do. *See e.g., Kolas*, 2024 WL 1252386, at *5; *see also Rodriguez*, 118 F.4th at 1315-16; *Martin*, 894 F.2d at 1529.

## IV.    Conclusion

Ultimately, Plaintiff's briefs generally recite her view of evidence the ALJ could have weighed differently to reach a different conclusion. That is of no moment. It matters not if a reviewing court "would have reached a different result" or "even if a

---

[12] Plaintiff also argues that the ALJ overlooked Plaintiff's longstanding complaints of knee pain and "[a]t one point" referred "to her 'one-week history of left knee pain[.]'" *Id.* (citing Tr. at 28). This misconstrues the record. The ALJ acknowledged and discussed Plaintiff's history concerning complaints of knee pain. Tr. at 25-34. The "one point" cited by Plaintiff was an accurate description by the ALJ of a specific record in which the Plaintiff had presented for a one-week history of left knee pain. *Id.* at 28 (citing *id.* at 816).

16

preponderance of the evidence weighs against the Commissioner's decision[.]" *See Flowers*, 97 F.4th at 1309. Nor may a reviewing court "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (citation omitted); *see also Rodriguez*, 118 F.4th at 1315-16; *Martin*, 894 F.2d at 1529. Because the ALJ's decision clears "the low evidentiary bar" of substantial evidence, it is due to be affirmed. *See Flowers*, 97 F.4th at 1309; *see also Garvin v. Comm'r of Soc. Sec.*, No. 2:23-cv-1027-SPC-KCD, 2024 WL 4647944, at *2-3 (M.D. Fla. Nov. 1, 2024); *Cruz v. Comm'n of Soc. Sec.*, No. 2:22-cv-603-KCD, 2023 WL 7487422, at *4 (M.D. Fla. Nov. 13, 2023); *Martin*, 2023 WL 3644419, at *2, *9.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **affirmed**.

2. The Clerk of Court is **directed** to enter judgment accordingly, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on January 26, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record